IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

STATE OF KANSAS,

      **Plaintiff,**

      v.                       CASE NO. 22-3313-JWL-JPO

PAUL MILLS,

      **Defendant.**

## MEMORANDUM AND ORDER

This matter is before the court on a notice of removal filed by Defendant Paul Mills, seeking removal of his state criminal Case No. 22-CR-869 from the District Court of Saline County, Kansas.

The notice of removal of criminal prosecutions must "include all grounds for such removal" and "[a] failure to state grounds that exist at the time of the filing of the notice shall constitute a waiver of such grounds." 28 U.S.C. § 1455(b)(2). Defendant asserts that he is seeking removal under 28 U.S.C. § 1443.

Under 28 U.S.C. § 1443, a state criminal defendant may remove a state criminal case to a federal district court if the defendant "is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States." 28 U.S.C. § 1443(1). The two requirements for removal under § 1443(1) are narrow and well-defined. *See Davis v. Glanton*, 107 F.3d 1044, 1045 (3d Cir. 1997). "To remove a case under Section 1443(1), the criminal defendant must allege that he has been denied a federal right arising under a specific law or statute protecting racial equality, and that he cannot enforce his federal civil rights in his state court criminal proceedings." *Massachusetts v. Libertad*, Civ. Action No. 22-10131-DJC, 2022 WL 479799, at *2 (D. Mass. Feb. 16, 2022) (citing *Johnson v.*

*Mississippi*, 421 U.S. 213, 219 (1975) (setting forth two-prong test for removal of criminal prosecutions where defendant is denied equal civil rights)). "A state court defendant's claim that 'prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination' is insufficient for removal." *Colorado v. Lopez*, 919 F.2d 131, 132 (10th Cir. 1990) (quoting *Johnson*, 421 U.S. at 219). Defendant does not allege facts that demonstrate he has been denied any rights based on his race.

"Second, it must appear . . . that the removal petitioner is 'denied or cannot enforce' the specified federal rights 'in the courts of [the] State.'" *Johnson*, 421 U.S. at 219. The Supreme Court explained this requirement as follows:

> Under § 1443(1), the vindication of the defendant's federal rights is left to the state courts except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court.

*Id*. (quoting *City of Greenwood v. Peacock*, 384 U.S. 808, 828 (1966)). The allegations in Defendant Mills' notice of removal are insufficient to support removal under § 1443(1).

Defendant also fails to allege anything that might permit removal under § 1443(2). "Subparagraph (2) applies only to 'federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights' . . . and state officers who refuse to do an act on the ground that it would be inconsistent with civil rights laws." *Delaware v. Desmond*, 792 F. App'x 241, 242 (3rd Cir. 2020) (quoting *City of Greenwood v. Peacock*, 384 U.S. 808, 824 (1966)). Mills is not a federal or state officer, and he has not shown that § 1443(2) is applicable in this case.

Section 1455(b)(4) provides that "[i]f it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1455(b)(4). The Court finds the summary remand of this action to the state court is warranted.

The Court cautions that there are consequences to filing frivolous pleadings. The notice of removal in this case appears to be drafted by Craig Gilbert. Mr. Gilbert has a history of filing improper notices of removal for his own cases as well as for other parties' cases. Mr. Gilbert is now subject to filing restrictions. The same type of restrictions could be applied to any other party that continues to file frivolous pleadings.

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **remanded** to the District of Court of Saline County, Kansas.

**IT IS FURTHER ORDERED** that Defendant's Motion for Leave to Proceed in Forma Pauperis (Doc. 2) is **denied as moot.**

**IT IS SO ORDERED**.

**Dated December 30, 2022, in Kansas City, Kansas.**

                                             **S/ John W. Lungstrum**
                                             JOHN W. LUNGSTRUM
                                             UNITED STATES DISTRICT JUDGE